UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ROBERTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:13-CV-0728-G |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | ) ) ) | (Death Penalty Case) |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 23, 2013, the respondent filed a motion (docket entry 20) to reconsider the court's order granting Mark Robertson ("Robertson") leave to proceed *ex parte* (docket entry 19). On that same date, the respondent filed an out-of-time response (docket entry 21) to Robertson's amended motion for leave to proceed *ex parte* (docket entry 17). The court considers the allegations of the out-of-time response as incorporated into the respondent's motion for reconsideration (docket entry 20).

Respondent's motion and out-of-time response assert that Robertson has the burden of proof to substantiate his allegations of attorney work product and that he has failed to meet this burden or even describe the harm that would result from disclosure (docket entry 21 at 2-3).  While respondent's counsel accepts responsibility for the delay, the procedural posture of this matter has changed.  The urgent nature of pre-petition funding prompted this court to shorten the response time.  Robertson originally requested leave to proceed *ex parte* on this funding matter on May 13, 2013, and his investigation of this claim has been delayed by these procedural requirements.  If the court now vacates the prior order to require Robertson to make further disclosures, the investigation would be further delayed without a resolution to the funding request.  Respondent's motion for reconsideration does not show that such a delay is necessary or helpful.

Respondent complains about the nondisclosure of the identity of any experts and of his or her reports (docket entry 21 at 4), but these would appear to be protected until the petitioner decides whether to rely upon such expert's opinions.  *See* FED. R. CIV. P. 26(b)(4)(D).  Respondent minimizes the harm to Robertson in disclosing the information now by arguing that it will eventually be disclosed when the habeas petition is filed (docket entry 21 at 4).  This does not account for the possibility that Robertson's attorney may choose to not use a particular expert or pursue the precise claim sought to be investigated.  That is a decision entitled to the

protection afforded attorney work product.  Respondent also argues against the nondisclosure of those legal theories or opinions that may reasonably be inferred (docket entry 21 at 4), but does not reveal how such disclosure is now needed.  Indeed, his argument suggests the opposite.  Respondent's motion to reconsider fails to show that the order granting leave to proceed *ex parte* was incorrect or that the further delay that would result from vacating that order is justified.

Respondent's motion to reconsider (docket entry 20) is **DENIED**.

**SO ORDERED**.

August 28, 2013.

_____
**A. JOE FISH**
**Senior United States District Judge**