UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ROBERTSON, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:13-CV-0728-G (BK) |
| | ) | (Death Penalty Case) |
| WILLIAM STEPHENS, Director, Texas | ) | |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | ***FILED UNDER SEAL*** |
| | ) | |
| Respondent. | ) | |

***EX PARTE* MEMORANDUM OPINION AND ORDER**

On August 5, 2013, petitioner Mark Robertson ("Robertson") filed his

amended *ex parte* application for authorization to obtain the services of a mitigation

investigator (Motion, docket entry 17).  The court considers the allegations of the

out-of-time response as incorporated into the respondent's motion for reconsideration

(docket entry 20) of this court's order allowing Robertson to proceed *ex parte* (docket

entry 19).  This memorandum opinion and order is also entered *ex parte* and sealed.

**I**

In his motion, Robertson seeks "$25,000.00, including fees and expenses, for a

mitigation investigator, to assist his counsel in the pre-petition preparation for filing

of a federal habeas petition."  Motion at 1.  Specifically, Robertson seeks the services

of "Mary Burdette, in order to investigate, develop, and present a substantial

ineffective-assistance-of-trial-counsel *Wiggins* claim."[1]  Motion at 4.  Robertson also

argues that he "may need to invoke *Martinez* to excuse procedural default of state

habeas counsel, if any, so that this court may address the merits of the underlying

*Wiggins* claim."  Motion at 4.  Robertson later clarifies that he is referring to *Martinez*

*v. Ryan*, 132 S.Ct. 1309 (2012).  Motion at 10.

## II

In *Martinez v. Ryan*, the Supreme Court created an equitable exception to the

procedural bar of an ineffective-assistance-of-trial-counsel claim when the claim "was

not properly presented in state court" due to the ineffective assistance of state habeas

counsel.  132 S.Ct. at 1313.  This may allow federal courts to fund and consider

claims that were not presented to the state courts and that would now be barred from

doing so under the state abuse-of-the-writ rule.  Robertson's reference to *Martinez*

suggests that the claim he seeks to investigate is unexhausted and would now be

procedurally barred because it was never presented to the state court.

---

[1]      Although the citation is not included, the Court assumes that Robertson
means *Wiggins v. Smith*, 539 U.S. 510 (2003) in which the Supreme Court discussed
trial counsel's duty to investigate mitigating evidence in preparation for a capital
murder trial.

Robertson's counsel also asserts that the mitigation investigations for the first and second trials and the last state habeas proceeding were "were substantially incomplete, unreasonable and inadequate" and that "the state habeas proceeding did **nothing** to change the picture of Mr. Robertson." Motion at 9-10 (emphasis added). Robertson's counsel points out that although ABA Guidelines prohibit state habeas counsel from relying "on the previously compiled record" in investigating mitigating evidence, Robertson's state habeas counsel instructed his mitigation investigator "to stop investigation and refrain from contacting family members one month into [the] investigation." Motion at 9-10. In doing so, Robertson suggests that state habeas counsel relied on the record and prevented the state mitigation investigator from conducting a meaningful investigation of mitigating evidence.

Robertson does not identify any claim raised in the state habeas proceedings or the issues made the subject of the evidentiary hearing. Instead, Robertson's counsel supports the request for funds with concerns that the state mitigation investigator expressed to state habeas counsel that the investigator should not be called to testify in a state evidentiary hearing because of the lack of a complete mitigation investigation. Robertson's present counsel concludes this by asserting that if the requested funding is not granted, "there is a substantial risk that Mr. Robertson's habeas claims will not be heard on the merits." Motion at 11. This suggests that the *Wiggins* claim has not been heard on the merits.

### III

When this amended motion was filed, the state court record was not yet before this court. This court noted the need for these records in its earlier order of June 13, 2013 that set forth a new procedure for consideration of requests to proceed *ex parte* in this case, and required Robertson to "provide factual support for the funding request, including any pertinent state court records and prior funding records."[2] (Order, docket entry 13 at 13.) Despite this instruction, Robertson's present counsel did not provide any of the additional records that were needed.[3] Respondent, however, filed pertinent state court records on August 29, 2013. These records reveal that Robertson's state habeas counsel had filed a *Wiggins* claim and obtained an evidentiary hearing on it. (State Habeas Clerk's Record, Volumes 1-4; State Habeas Reporter's Record, Volumes 1-5.) Therefore, Robertson does not appear to request funding for a claim that was not presented to the state court, but instead to fund the evidentiary development of a claim that was presented to the state court and upon which an evidentiary hearing was conducted.

---

[2]     The prior order also required the respondent to provide the "pertinent state court records not already filed or produced by" Robertson. (Order, docket entry 13 at 13.)

[3]     The *ex parte* motion cites to documents that were not provided, including apparent references to the record before the state court. Motion at 5-10.

IV

This court should not allow funding for the development of evidence that it cannot consider.  Federal habeas review of Robertson's claims will be governed by 28 U.S.C. § 2254.  If the state court denies a claim on the merits, a federal court may not grant relief unless it first determines that the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).  In the context of this analysis, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds.  *Green v. Johnson*, 1160 F.3d 1115, 1121 (5th Cir. 1997).  "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)."  *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

A finding of unreasonableness under § 2254(d) must be made on the record before the state court.  "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record

that was before that state court." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011). Under § 2254(d)(2), a petitioner must show that the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

## V

Robertson's *ex parte* motion asserts that funding is appropriate for the development of a procedurally barred *Wiggins* claim under the exception created in *Martinez*, but he did not provide the records that this court requested.  Those records reveal that the *Wiggins* claim was presented to the state court, was the subject of an evidentiary hearing conducted from January 23 to January 26, 2012, and was denied on the merits as not procedurally barred.  This changes the nature of this court's consideration from a *Martinez* analysis to one under *Pinholster*.  Funding for the evidentiary development of this claim in federal court has not been shown to be appropriate under the controlling standard.

## VI

This conduct of Robertson's counsel in this *ex parte* proceeding is troubling. The representations made in her motion, combined with her failure to disclose the information specifically ordered by this court -- information that reveals this obstacle to funding -- could support a finding that counsel was not entirely candid with the

court.  This finding is not necessary at this time; however, further guidance appears to be necessary.

It is the nature of legal advocacy to present the facts and argument in a way that best advances the interests of the client, and to minimize or avoid those that would undermine it.  In normal court proceedings, the search for truth is aided by the capable advocacy of zealous litigators in a crucible of truth.  *Ex parte* proceedings, however, are different.  Attorneys in such proceedings have a higher duty to disclose information to the court that may undermine the request that they are pursuing.  "A lawyer shall not knowingly . . . in an ex parte proceeding, fail to disclose to the tribunal an unprivileged fact which the lawyer reasonably believes should be known by that entity for it to make an informed decision."  Tex. Disciplinary Rules Prof'l Conduct, R. 3.03.  "In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."  Model Rules of Prof'l Conduct R. 3.3(d).

The court recognizes the predicament thus created for attorneys proceeding *ex parte*.  It is, in part, for this reason that this Court revised the procedure for proceeding *ex parte* in the funding requests made in this case (docket entry 13.).  Had the court not been provided with the additional records from respondent, it would not have known of the obstacles that defeat the funding request, and it might have

granted the request upon incomplete information, resulting in a more troubling situation.  These circumstances confirm the need for those revised procedures.

## VII

In light of the state court records provided by respondent, Robertson's amended *ex parte* application for authorization to obtain the services of a mitigation investigator (docket entry 17) is **DENIED**.  This memorandum opinion and order is *EX PARTE* and **SEALED**.

SO ORDERED.

September 30, 2013.

_____

**A. JOE FISH**
**Senior United States District Judge**