UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK ROBERTSON, | ) | |
| | ) | CIVIL ACTION NO. |
| Petitioner, | ) | |
| | ) | 3:13-CV-0728-G (BK) |
| VS. | ) | |
| | ) | |
| WILLIAMS STEPHENS, Director, Texas | ) | **(Death Penalty Case)** |
| Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | ***FILED UNDER SEAL*** |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Mark Robertson ("Robertson") has served his sealed motion for funding a mitigation investigator (Funding Motion, docket entry 53) on respondent William Stephens (Notice of Service, docket entry 60), in response to this court's order denying leave to proceed *ex parte* (Order, docket entry 56). Respondent has filed his response (Response, docket entry 64), to which Robertson filed his motion to strike (Motion to Strike, docket entry 65). The parties also filed a joint motion to unseal certain records (Joint Motion, docket entry 66).

I.

In his motion to strike (docket entry 65), Robertson asserts that this court should not consider the respondent's response to his motion for funding and that doing so "fatally undermines the adversarial nature of the proceeding and will violate due process, equal protection, and Robertson's statutory right to quality representation under 18 U.S.C. § 3599." Motion to Strike at 1. Robertson's supporting authorities, however, present the same arguments that this court has repeatedly rejected regarding the respondent's standing to participate in these funding decisions. Motion to Strike at 3-4 (citing Order, docket entry 63, at 2); Reply to Respondent's Response to Motion to Strike (docket entry 68) at 1-4. The requirement of § 3599(f) to allow notice of this motion to the respondent and, therefore, the opportunity for him to file a response in opposition, would make little sense if the court were precluded from considering such response.

Robertson argues that anything the respondent may say would be irrelevant to the funding determination and should not be considered (Motion to Strike at 2-4), but he also urges the court to consider some of the respondent's statements in making this same funding decision (Motion to Strike at 7-8 (noting respondent's assertion of a procedural bar defense), 8-9 (asserting that respondent's arguments about what showing is required supports funding to make that showing); Funding Motion at 6-7 (noting respondent's assertion of a procedural bar defense)). This recognizes the

- 2 -

significance of the respondent's positions in determining whether further funding and evidentiary developments should be allowed.

Robertson provides an insufficient basis for the extreme measure of striking the response, does not address the specific requirements of these proceedings, and asserts contradictory positions in making his motion. Therefore, Robertson's motion to strike (docket entry 65) is denied.

## II.

In their joint motion to unseal (docket entry 66), the parties request that the court unseal prior orders denying funding and certain motions that have been filed under seal and served on the party opponent in these proceedings, and assert that "Robertson no longer has any interests to protect by having these documents remain sealed," and that unsealing these documents "will facilitate any additional litigation that may occur related to them." (Joint Motion at 1.)

The parties' agreement is approved and the joint motion (docket entry 66) is granted. The clerk is directed to remove the seal on docket entries 25, 33, 53, 53-1, 53-2, 60, 64 and 65.

## III.

In his motion for funding (docket entry 53), Robertson requests authorization in the amount of $25,000 for the services of a mitigation investigator that is necessary "to identify and plead a substantial claim of ineffective assistance of trial

- 3 -

counsel (IATC) related to trial counsel's failure to conduct a reasonable sentencing investigation and to plead and prove cause and prejudice to excuse procedural default." Funding Motion at 1. Robertson argues that this claim is unexhausted and that further investigation is necessary to assert his claim that trial counsel failed to adequately investigate and present mitigating evidence at the punishment stage of his trial.

In order to obtain funds for investigative assistance, a habeas petitioner must show that the requested funding is reasonably necessary.

> Section 3599 provides that a district court may authorize a defendant's attorneys to obtain investigative, expert, or other services upon a finding that such services "are reasonably necessary for the representation of the defendant." 18 U.S.C. § 3599(f). Reasonably necessary in this context means "that a petitioner must demonstrate 'a substantial need' for the requested assistance." *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004) (quoting *Clark v. Johnson*, 202 F.3d 760, 768 (5th Cir. 2000)). The denial of funding will be upheld when it would only support a meritless claim, when it would only supplement prior evidence, or when the constitutional claim is procedurally barred. *Woodward v. Epps*, 580 F.3d 318, 334 (5th Cir. 2009).

*Ward v. Stephens*, 777 F.3d 250, 266 (5th Cir. 2015) (footnote omitted). To obtain funding in excess of $7,500, a habeas petitioner must also show that the additional amount is "necessary to provide fair compensation for services of an unusual character or duration," and it must be "approved by the chief judge of the circuit." 18 U.S.C.A. § 3599(g)(2).

This court has denied pre-petition funding for this same investigative assistance on the basis that this claim was exhausted and that further evidentiary development would not be appropriate under *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). See *Ex parte* Memorandum Opinion and Order Denying Funding (docket entry 25); *Ex parte* Memorandum Opinion and Order Denying Reconsideration (docket entry 33). Robertson now relies upon the fact that, following those determinations, the respondent has asserted that Robertson's claim is unexhausted and procedurally barred because it presents material additional evidentiary support that was not presented to the state court. Respondent attributes this to his lack of access to or knowledge of the prior *ex parte* determinations:

> An examination of the court's September 30, 2013 order (docket entry 25; sealed) and the Director's July 8, 2013 Answer (docket entry 50; unsealed) shows the difficulties associated with ex parte proceedings. In its September 2013 order, this court said it considered that Robertson's *Wiggins*-based claim had been reviewed on the merits in state court (docket entry 25 at 6; sealed). Because the order was ex parte, the Director in his answer was unaware of the order's substance. The Director, thus, mounted a default defense that was inconsistent with the order (docket entry 50 at 54-58).

Response in Opposition (docket entry 64) at 7-8 n.4.

Therefore, it is not entirely clear that the parties "are in agreement" that Robertson's claim is unexhausted as Robertson now asserts. Funding Motion at 6. But even an agreement by the parties on this issue would not relieve this court of the

- 5 -

obligation to made an independent determination. The United States Court of Appeals for the Fifth Circuit has recently upheld a district court's refusal to grant funding for investigative assistance of a *Wiggins* claim that had been sought for the purpose of satisfying the exception created in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), even when both parties agreed that the claim was unexhausted and subject to the procedural bar.

In *Ward v. Stephens*, 777 F.3d at 257-59, the Court of Appeals held that the claim was exhausted, even though both parties agreed that it was unexhausted. Because a "party cannot waive, concede, or abandon the applicable standard of review," the federal court is "obligated to decide whether [the petitioner] exhausted this claim such that § 2254's deferential standard of review applies, regardless of the parties' positions on the matter." *Id.* at 257 n.3. The Court of Appeals applied the rule that "the new evidence must be so significant that it 'fundamentally alter[s] the legal claim' such that, in fairness, the claim ought to be 'remitted to state court for consideration of that evidence.'" *Id.* at 258 (quoting *Anderson v. Johnson*, 338 F.3d 382, 388 (5th Cir. 2003)). Even though Ward presented additional evidence to the federal court, he asserted the same claim under *Wiggins v Smith*, 123 S. Ct. 2527 (2003), namely that the trial counsel had failed to investigate and present mitigating evidence.

> Ward's argument on federal habeas varies only slightly.
> Ward argues again that the mitigation investigation was

- 6 -

> not thorough. But rather than claiming he was inaccurately diagnosed with "shared delusional disorder," this time Ward argues he was inaccurately diagnosed with "antisocial personality disorder." Ward supports his federal petition with affidavits and declarations from additional new witnesses: family friends, family members, and Ward's mother's coworkers (who describe Nancy Ward's difficult marriage). The evidence he presents on this issue arguably places his IAC claim in a stronger evidentiary position, but it does not place the claim in a "significantly different legal posture." See *Anderson*, 338 F.3d at 388. Thus, this claim is exhausted.

*Id.* at 259.

In this case, Robertson complained in the state postconviction habeas proceedings that trial counsel failed "to adequately investigate and present mitigation evidence as required by *Wiggins*," as noted in this court's prior orders. Vol. 1, State Habeas Record, "SHR", at 19; *Ex parte* Memorandum Opinion and Order Denying Reconsideration (docket entry 33) at 5-8; *Ex parte* memorandum Opinion and Order Denying Funding (docket entry 25) at 4. Following this court's repeated denial of funding on the basis that *Pinholster* precludes further evidentiary development in federal court at this stage, Robertson distinguishes this claim from the one that was presented at the state level.

Robertson emphasizes that portion of state habeas counsel's affidavit obtained for these proceedings where such counsel states that he redirected the efforts of his mitigation investigator to help prove the "failure-to-present" claim. Mickelsen Aff. (Am. Pet. Ex. No. 13) at 2. This occurred after the initial mitigation investigation

and resulted from the investigator's inability to justify the expense of another full mitigation investigation.[1]  State habeas counsel's efforts, however, included the investigation and cross examination of trial counsel regarding their failure to adequately investigate potential mitigating evidence.[2]

---

[1]     In discussing his representation before the state court, state habeas counsel explained that he was granted $8,000.00 from a judge who would be reluctant to grant more for Tony Knox ("Knox") to conduct an initial mitigation investigation, but that he did not request additional funds because the investigator did not provide the information needed to justify further funding.  "Although Knox felt previous investigations were not complete, she could not tell me what alternative theory could be run to change the trial picture of Mark Robertson if she did get funding to conduct more investigation."  Mickelsen Aff. at 2.

[2]     In stating this claim in the state court application, Robertson emphasized counsel's duty to investigate evidence on mitigation, including expert witness evidence on mental health issues.  (1 SHR 19-25.)  Robertson alleged that trial counsel failed to heed the recommendations of their mitigation specialist to present new evidence and simply rehashed the same evidence presented in the earlier trial.  (1 SHR 26-34.)  As set forth in the prior order, Robertson complained before the state court that trial counsel failed to properly utilize the mitigation specialist and psychologists appointed to assist in the mitigation case at trial, failed to obtain and present available lay testimony, and failed to obtain and investigate the "wealth of potential mitigation" in the clemency petition filed by a previous attorney.  Order denying reconsideration (docket entry 33) at 8.

At the evidentiary hearing granted by the state court on this claim (Volumes 1-5, State Habeas Reporter's Record "SHRR"), Robertson cross-examined his trial counsel about failing to properly utilize a mitigation expert regarding how Robertson had changed in the 20 years he was on death row, failing to interview Doris Jordi to find out what she would say in a potential deposition, and failing to obtain the file of his prior state habeas counsel and discover the "wealth of mitigating evidence" in the clemency petition that could have been investigated and presented to the jury in his second punishment trial.

While the jurisprudence connected with *Martinez v. Ryan* has altered the reliance interests of the parties in the development of these claims in state court, it does not change the purpose of federal habeas review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] The Court of Appeals has expressly rejected the approach Robertson now pursues.

> As the district court noted, [the habeas petitioner] may have strategically conceded his [ineffective-assistance-of-counsel] claim was unexhausted to obtain de novo review and funding to investigate, *see infra* Part III(A)(3), after showing cause and prejudice under *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and *Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013); or as the district court put it, "to use *Martinez* to bootstrap factual development in federal court in search for unexhausted claims." ROA.1101 n.10. The district court noted that such a procedure would "encourage sandbagging in state court to obtain *de novo* review of a petitioner's 'real' claim in federal court." *Id.*

*Ward*, 777 F.3d at 257 n.3.

In order to show that he is presenting an unexhausted claim, Robertson appears willing to abandon those portions of this claim that were actually presented in the state court. Reply (docket entry 51) at 3. To the extent that this would

---

[3] Before *Martinez*, respondents generally sought to assert procedural bars and petitioners generally opposed them. After *Martinez*, however, petitioners now affirmatively seek to raise procedurally barred claims in federal court with requests for funding to investigate the claim and excuse the procedural bar. This is sought to avoid the deference to state court findings required of claims adjudicated on the merits under 28 U.S.C. § 2254(d), and obtain a de novo review of the claim in federal court.

separate his claim from that presented to the state court, it would also deprive it of the connection to a "viable constitutional claim that is not procedurally barred," which is needed to show that the requested assistance is reasonably necessary. *Brown v. Stephens*, 762 F.3d 454, 459 (5th Cir. 2014). Robertson's reformulated claim seeks investigative assistance based on the speculation that he may find evidence to contradict the work of his prior mitigation investigators and mental health experts. Even if he is able to find new experts that disagree with his prior experts, that would not establish that trial counsel unreasonably relied upon the expert assistance that was available to him at the time. Therefore, even if such a fishing expedition were not improper, it would not support federal habeas relief or show that any such unexhausted claim is not also procedurally barred.

In sum, either Robertson requests funding on an exhausted claim to develop additional evidence that could not be considered under *Pinholster,* or funding for a fishing expedition to find new evidence to support an unexhausted claim that would appear to be procedurally barred. Either way, Robertson has not shown that the sought expert or investigative assistance is reasonably necessary. Therefore, Robertson's motion for funding a mitigation investigator (docket entry 53) is denied.

IV.

Robertson's motion to strike (docket entry 65) is **DENIED**.

The parties' joint motion to unseal certain records (docket entry 66) is **GRANTED**, and the clerk is **DIRECTED** to **REMOVE THE SEAL** on docket entries 25, 33, 53, 53-1, 53-2, 60, 64 and 65.

Robertson's motion for funding (docket entry 53 and 60) is **DENIED**.

**SO ORDERED**.

March 25, 2015.

*C. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**