UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK ROBERTSON,                    §
                    Petitioner,    §
                                   §
v.                                 §        No. 3:13-CV-728-G-BK
                                   §
                                   §        (Death Penalty Case)
                                   §
LORIE DAVIS, Director,             §
Texas Department of Criminal Justice, §
Correctional Institutions Division,   §
                    Respondent.    §

**ROBERTSON'S RESPONSE TO**
**DIRECTOR'S MOTION FOR THE COURT TO ENTER SCHEDULING ORDER**

Comes now Petitioner/Appellant, MARK ROBERTSON, and pursuant to court order, [Doc 89], files this Response to the Director's Opposed Motion for the Court to Enter Scheduling Order [Doc 88]. While Mr. Robertson does not oppose this Court establishing a scheduling order to assist its carrying out the Fifth Circuit's mandate in this case, Mr. Robertson was unable to join the Director's motion for the following reasons.

First, the Director's motion was made "in light of" the setting of an execution date by the Criminal District Court No. 5 of Dallas County. The urgency of an execution setting, however, was created by the State of Texas and the Director, who were on notice by Mr. Robertson in his responsive pleadings that setting an execution date was wildly premature because his initial habeas corpus application was still pending in federal district court. Thus, Mr. Robertson could not join any

1

proposed scheduling order that did not include staying Mr. Robertson's execution.

Pending before the Court is Mr. Robertson's initial habeas corpus application. The application was filed on January 7, 2014, and raised two allegations that his confinement was in violation of federal law: (1) that Mr. Robertson was deprived of effective assistance of counsel during his capital trial ("*Strickland* claim"); and (2) that Mr. Robertson was deprived of due process in his capital trial by the introduction of materially false testimony during the sentencing phase ("false testimony claim").  On March 30, 2017, this Court denied Mr. Robertson's application and denied a certificate of appealability ("COA").

Mr. Robertson sought a COA from the Fifth Circuit to appeal this Court's denial of his false testimony claim; however, he had an appeal as of right from the Court's order denying requested representation services as it related to the *Strickland* claim. *See Ayestas v. Stephens*, 817 F.3d 888, 895 (5th Cir. 2016), *overruled on other grounds*, *Ayestas v. Davis*, 138 S. Ct. 1080 (2018) (COA unnecessary to appeal order denying representation services under 18 U.S.C. § 3599). The Fifth Circuit denied a COA to appeal the Court's denial of his false testimony claim, but it reversed this Court and remanded the case back to it for further proceedings on the *Strickland* claim.  Thus, Mr. Robertson has a pending habeas corpus application before the Court raising a *Strickland* claim.

Mr. Robertson is entitled to an adjudication of all outstanding issues in this habeas corpus case before he is executed, and to appeal of any issues to which he either has as of right or on which a COA may be granted.[1]  *See Lonchar v. Thomas*, 517 U.S. 314, 320-21 (1996) (district court is obligated to stay execution scheduled while habeas corpus case is pending before it whenever

---

[1] The Court has authority to stay an execution in this case pursuant to 28 U.S.C. § 2251(a)(1). Mr. Robertson has a pending habeas corpus application before this Court.

necessary to adjudicate the application in due course and avoid mootness); *Barefoot v. Estelle*, 463 U.S. 880, 893-94 (1983) (court of appeals is obligated to stay execution where necessary to decide the merits of any appeal in a habeas corpus case over which it is exercising jurisdiction before a prisoner may be executed).  Mr. Robertson also must be afforded all the representation to which he is entitled under 18 U.S.C. § 3599 before his execution may occur.  *See McFarland v. Scott*, 512 U.S. 849, 858 (1994) (stay required to be issued where opportunity for appointed counsel to meaningfully research and present a defendant's habeas claims has not been afforded). Because it is not realistically possible for these to occur before Mr. Robertson's scheduled execution date, he was unable to join the Director's request for a scheduling order that did not also request a stay of Mr. Robertson's execution.[2]

Second, the Director's motion requests this Court to order Mr. Robertson to file a brief on remand by a date certain, December 17, 2018, without regard to when the court will sign the order. As of the date of this filing as ordered by the court, [Doc 89], Mr. Robertson is already left with less than 30 days to file his pleadings, if the court signs the order as proposed by the Director. Accordingly, and in light of the holidays, Mr. Robertson proposes the following scheduling order:

1. The Petitioner shall file a brief addressing how the Court should proceed in this case in light of the Fifth Circuit's mandate no later than forty-five (45) days from the date the court enters its scheduling order.

---

[2] Mr. Robertson intends to file a motion to stay his execution separately. Even were this Court to decide on remand that Mr. Robertson is not entitled to additional representation services as they relate to his *Strickland* claim, and did so before his scheduled execution date, Mr. Robertson would be entitled to an appeal as of right on the issue just as before. *Ayestas,* 817 F.3d at 895. If the Court were to decide Mr. Robertson is entitled to additional representation services to investigate the factual bases of his *Strickland* claim, then adjudication of his habeas corpus application would necessarily require time beyond the scheduled execution date.

2.      The Respondent shall file a response to the brief no later than thirty (30) days from the date

the Petitioner's brief is filed

3.      Petitioner shall file a Reply, if any to the Director's Response fifteen (15) days from the date

of the Respondent's response brief.

**CONCLUSION**

Petitioner requests that the Court deny the Respondent's Motion to Enter a Scheduling Order.

_____

Lydia M.V. Brandt, Esq.
Texas Bar No.  00795262
THE BRANDT LAW FIRM
P.O. Box 326
Farmersville, TX 75442-0326
Voice: (972) 752-5805
Counsel for Petitioner

**CERTIFICATE OF SERVICE**

This certifies that on November 26, 2018, I electronically filed the foregoing document with

the clerk of court for the US District Court Northern District Texas using the electronic case filing

system of the court.   The electronic case filing system sent a notice of electronic filing to the

following attorney of record, who has consented in writing to accept this notice as service of this

4

document by electronic means:

        Gwendolyn S. Vindell, Assistant Attorney General
        Attorney General's Office
        P.O. Box 12548, Capitol Station
        Austin, TX 78711-2548


                                  Lydia M.V. Brandt, Esq.
                                Texas Bar No.  00795262
                                THE BRANDT LAW FIRM
                                P.O. Box 326
                                Farmersville, TX 75442-0326
                                lydiabrandt566@gmail.com
                                Voice: (972) 752-5805
                                Counsel for Petitioner

cc:    Mark Robertson, 000-992
       Polunsky Unit
       Texas Department of Criminal Justice
       3872 FM 350 South
       Livingston, TX 77351-8580