UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK ROBERTSON,                          §
           Petitioner,          §
                                §
v.                                       §          No. 3:13-CV-728-G-BK
                                         §
                                         §          (Death Penalty Case)
LORIE DAVIS, Director,                    §
Texas Department of Criminal Justice,    §
Correctional Institutions Division,       §
           Respondent.          §

## ROBERTSON'S REPLY TO DIRECTOR'S SUPPLEMENTAL BRIEF [DOC 94] PURSUANT TO COURT ORDER [DOC 91]

Comes now Petitioner/Appellant, MARK ROBERTSON, and pursuant to court order, [Doc 91], files this Reply to the Director's supplemental brief [Doc 94]. The sum and substance of the Director's arguments in her supplemental brief are that representation services "cannot be reasonably necessary because it would turn up only inadmissible evidence . . . or would support only a meritless claim . . . ." Director's Supp. Brief at 9.

The Director unseemly continues to seek to defeat Mr. Robertson's federal habeas corpus application not on the merits but by thwarting the provision of representation to him. To do so, the Director's brief on remand kicks up substantial dust that Mr. Robertson will need to clear up. First, Mr. Robertson will clarify the nature of the *Strickland* claim before the Court for which representation services are being sought. Second, Mr. Robertson will explain why *Cullen v. Pinholster*, 563 U.S. 170 (2011), has no applicability to the claim and may not be used to thwart the provision of representation to him. Finally, Mr. Robertson will explain why 28 U.S.C. § 2254(e)(2) may not be relied upon to deny him the representation services he seeks.

# TABLE OF CONTENTS

I.  CLARIFYING THE CLAIM BEFORE THIS DISTRICT COURT ................................... 3

II.  *PINHOLSTER* HAS NO APPLICABILITY TO PROCEDURALLY DEFAULTED CLAIMS ................................................................................................................... 5

III.  28 U.S.C. § 2254(E)(2) DOES NOT PROHIBIT MR. ROBERTSON FROM DISCOVERING AND ALLEGING FACTS IN A HABEAS APPLICATION .............. 10
    A.  Mr. Robertson Seeks Representation to Discover and Plead Facts ...................... 11
    B.  Section 2254(e)(2) Would Not Operate to Bar an Evidentiary Hearing on Claims in Which Cause for Procedural Default Exists ......................................................... 12
        1.  Fifth Circuit Precedent Forecloses the Director's Interpretation, the Acceptance of Which Would Force a New Circuit Split .......................... 13
        2.  The Legislative History of § 2254(e)(2) and the Supreme Court's Interpretation of It Excludes the Director's No-Fault Reading of the Provision .............................................................................................. 14
        3.  Section 2254(e)(2) Is Unconstitutional if It Operates to Prohibit a Court From Receiving, or a Party From Presenting, Any Evidence in Support of a Claim For Which a Remedy Exists.................................................... 17
            a.  Section 2254(e)(2) Violates Due Process if It Precludes Hearing Evidence to Adjudicate Disputed Facts Material to a Habeas Corpus Claim For Which Relief Is Available .......................................... 17
            b.  Section 2254(e)(2) Violates Separation of Powers if It Precludes a Federal Court From Hearing Evidence to Adjudicate Disputed Facts Material to a Habeas Corpus Claim For Which Availability of a Remedy Is Not Precluded............................................................. 21

IV.  THE *STRICKLAND* FAILURE-TO-REASONABLY INVESTIGATE CLAIM IS NOT MERITLESS. THE DISTRICT COURT'S PRIOR RULINGS DO NOT FORECLOSE GRANTING THE REQUESTED REPRESENTATION ................................................ 25

V.  *MCFARLAND, LONCHAR*, AND *BAREFOOT* DO NOT ALLOW A PERSON TO BE EXECUTED BEFORE HE IS AFFORDED THE ONE, MEANINGFUL AND FAIR REPRESENTATION TO WHICH HE IS ENTITLED UNDER 18 U.S.C. § 3599 ........ 26

CONCLUSION ........................................................................................................... 28

CERTIFICATE OF SERVICE ................................................................................... 28

## I.      CLARIFYING THE CLAIM BEFORE THIS DISTRICT COURT

Mr. Robertson must clear up some apparent confusion about his *Strickland* claim pending before this District Court. The Director, relying on this District Court's prior memorandum opinion, argues that, "assuming Robertson can and did expressly abandon the presentation element of this claim in order to present this unexhausted claim in federal court, then—as pointed out by this District Court in its denial of habeas relief—he does not even allege any prejudice, as the jury's verdict could not have been altered if it had not been presented with the alleged evidence counsel should have discovered and a reviewing court cannot reweigh the evidence in aggravation against the totality of the allegedly available mitigating evidence." Director's Supp. Brief at 17.

A "failure-to-present" *Strickland* claim is a claim that trial counsel's failure to present as evidence certain information *that was known to them* was deficient performance. The claim challenges the reasonableness of strategic decisions made by counsel at trial. Substantial deference is given trial counsel's strategic decisions that are informed by thorough investigation into the law and facts. *Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Prejudice for such a claim is based on how the omitted information that was known to trial counsel—and which they made a decision not to present—might have affected the jury's verdict.

A "failure-to-reasonably-investigate" *Strickland* claim is a claim that trial counsel failed to conduct a reasonable investigation. The claim challenges the adequacy of trial counsel's *preparation* for trial. Omissions related to preparation are not given deference, because they allege that trial counsel conducted inadequate investigation into the law or facts. *See Wiggins v. Smith*, 539 U.S. 510, 527 (2003) (it was objectively unreasonable for state court to defer to "counsel's strategic decision" about what information to present at sentencing where investigation was shown to be

deficient). *See also Ruiz v. Quarterman*, 504 F.3d 523, 528 (5th Cir. 2007) (courts reviewing allegations that trial counsel's investigation was deficient "accord[] trial counsel far less deference than that given to tactical decisions of presentation."). Prejudice for a "failure-to-reasonably-investigate" claim, just like a "failure-to-present" claim, is based on how the omitted information might have affected the jury's verdict if presented to a hypothetical jury. The difference is that, in the "failure-to-present" context, the omitted information was information already known to counsel. In the "failure-to-reasonably-investigate" context, the undiscovered information is information unknown to trial counsel and discovered by post-conviction counsel through investigation. When Mr. Robertson disclaims raising a "failure-to-present" claim, he is not disclaiming that he was prejudiced by trial counsel's failure to conduct a thorough background investigation in a manner that thwarted the jury's consideration of relevant mitigating information.

Nevertheless, in order to allege prejudice for a "failure-to-reasonably-investigate" *Strickland* claim, post-conviction counsel must conduct an investigation to discover the information that trial counsel's inadequate investigation did not. Mr. Robertson has not been able to conduct that investigation to date. In state court, his post-conviction counsel declined to conduct the investigation due to an erroneous belief that the representation resources necessary to conduct it were not legally available to him.[1] In federal court, Mr. Robertson's § 3599 counsel has sought the representation resources necessary to conduct the requisite investigation, but has been unable to obtain them. He has therefore been denied meaningful representation to present his "failure-to-reasonably-investigate" *Strickland* claim in federal court.

---

[1] Mr. Robertson has alleged this deprived him of effective assistance of post-conviction counsel.

## II.   *PINHOLSTER* HAS NO APPLICABILITY TO PROCEDURALLY DEFAULTED CLAIMS

Contradicting her Answer, the Director argues that Mr. Robertson's *Strickland* claim might

be exhausted. In her Answer, the Director explained the exhaustion doctrine:

> A federal habeas petitioner may not obtain relief unless it appears that he has exhausted the remedies available in state court. 28 U.S.C. § 2254(b) (West 2014). State courts must be given the initial opportunity to address and if necessary correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). For a claim to be exhausted, the state court system must have been apprised of the same facts and legal theory upon which the petitioner bases his assertions. *Picard v. Connor*, 404 U.S. 270, 276 (1971). Where a petitioner makes the same legal claim to a federal court that he presented to the state courts but supports that claim with factual allegations that he did not make to the state courts, he has failed to exhaust his state remedies. *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988); *Rodriguez v. McKaskle*, 724 F.2d 463, 466 (5th Cir. 1984); *see also Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (stating that exhaustion requirement not satisfied if petitioner presents new legal theories or entirely new factual claims in his petition to the federal court). Before being presented in federal court, all grounds raised in a federal habeas petition must first be presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). . . .
>
> Where a state prisoner seeks federal relief on a claim that has not yet been presented to the state courts, however, the federal habeas court may nevertheless find the claim procedurally barred. *Coleman*, 501 U.S. at 735.

[Doc. 50 at 48-49]. After summarizing the allegations raised in the state habeas corpus proceeding,

the Director concluded that Mr. Robertson's *Strickland* claim as raised in his federal application had

not been presented to the state court and asserted a procedural default defense to Mr. Robertson's

*Strickland* claim. [Doc. 50 at 51 ("Because none of the claims presented to this Court have been

presented to the state-court system, the state court system did not have a fair opportunity to review

his Sixth Amendment claims and, if necessary, to correct any error. *See Castille*, 489 U.S. at 349.")].

The Director now argues that Mr. Robertson's *Strickland* claim might be exhausted.

Following therefrom, the Director broadly argues that any "evidence Robertson sought to develop

. . . would *never* be 'admissible' in a federal habeas proceeding."[2] Director's Supp. Brief at 12

(emphasis supplied). Thus, "a denial [of representation to Mr. Robertson] based on *Pinholster* is .

. . required by" *Ayestas*.[3] *Id*.

Pinholster has no applicability to Mr. Robertson's *Strickland* claim, because his claim that

trial counsel failed to conduct a thorough background investigation as required by *Williams v.*

*Taylor*, 529 U.S. 362, 396 (2000), and *Porter v. McCollum*, 558 U.S. 30, 39 (2009), was neither

raised nor adjudicated in the state habeas corpus proceeding. The state court expressly disclaimed

that Mr. Robertson had raised or that it was adjudicating any such "*Wiggins* claim."[4] *See* 3 SHR

1150 [Doc. 28-25, Attachment 25, p.1150]. January 9, 2013 Order of TCCA, pp. 2-3 [Doc. 28,

Attachment 26, pp. 2-3] ("The Court finds that with the exception of the complaint trial counsel

failed to obtain the 2001 clemency petition from Randy Schaffer, Robertson's claims are trial-

performance claims, not failure-to-investigate, or *Wiggins*, claims. *Compare Wiggins*, 539 U.S. at

527 (assessing the reasonableness of an attorney's investigation and whether the known evidence

---

[2] The Director drastically overreads *Pinholster* to prohibit the admissibility of evidence in a federal habeas corpus proceeding. *Pinholster* is a decision that interprets 28 U.S.C. § 2254(d)(1), and specifically "the scope of the record *for a § 2254(d)(1) inquiry*." 563 U.S. at 180 (emphasis supplied). A "§ 2254(d)(1) inquiry" is not "a federal habeas proceeding." That provision is an exception to a procedural rule that prohibits relief as to "any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). If the § 2254(d)(1) exception is found to be present, this does not entitle a habeas applicant to relief. It merely entitles him to federal review of the merits of his claim. As to that, *Pinholster* has no applicability. Thus, *Pinholster*, at best, precludes only the admission of evidence for the purpose of proving that the § 2254(d)(1) exception to the preclusion bar is present. It is not the case that evidence is "never" admissible as to a federal habeas corpus claim that was adjudicated on the merits by the state court.

[3] *Ayestas v. Davis*, 138 S. Ct. 1080 (2017).

[4] An allegation was made and adjudicated in state court that trial counsel failed to obtain a clemency application filed on Mr. Robertson's behalf, but that is a fundamentally different allegation—their failure to obtain a specific record for prior counsel—than Mr. Robertson has made in federal court, which the Director recognized as such in her Answer.

would lead a reasonable attorney to investigate further).").

Moreover, the Director has already taken the position, acknowledged by this District Court in its memorandum opinion, that the *Strickland* claim Mr. Robertson pleaded in his federal application was neither presented to nor adjudicated by the state court, and that it was a procedurally defaulted claim. [Doc. 72 at 19.] The Director is estopped from arguing otherwise now. Because Mr. Robertson's *Strickland* claim was not presented to or adjudicated on the merits by the state court, neither the bar, nor its exceptions, have any applicability to it.[5] Contrary to the Director's contention, an irrelevant procedural rule may not be invoked to thwart the provision of representation to Mr. Robertson under § 3599 and *Ayestas*.

Relying on pre-*Ayestas* Fifth Circuit cases, the Director argues that a habeas applicant may not "circumvent *Pinholster's* prohibition by distinguishing a federal claim from that reviewed by the state courts." Director's Supp. Brief at 13 (citing *Ward v. Stephens*, 777 F.3d 250 (5th Cir. 2015); *Lewis v. Thaler*, 701 F.3d 783 (5th Cir. 2012)). The Director's reliance on these cases is misplaced, because these decisions were abrogated by *Ayestas*. In *Ayestas*, state habeas counsel raised a *Strickland* claim in state court related to trial counsel's failure to contact Ayestas's family members. In federal court, Ayestas expanded his *Strickland* claim, alleging deficient investigation

---

[5] The Director misreads *Pinholster* to stand for the proposition that it precludes evidentiary development in federal habeas. [Doc. 94 at 12.] *Pinholster* only instructs a court as to how apply an exception to the procedural rule contained in § 2254(d). Even where that rule applies, the rule does not "preclude" evidentiary development of any claim (let alone the discovery and pleading of factual allegations in a habeas application). The procedural rule of § 2254(d), where applicable, may well moot the need for "evidentiary development" by *mooting* review of the claim's merit, but the rule "prohibits" nothing other than granting relief on a claim that was adjudicated on the merits by a state court, unless an exception is present. Pinholster's rule merely defines the scope of information that is relevant to ascertaining whether the (d)(1) exception to the (d) preclusion bar is present, *i.e.*, whether review of the claim's merit is moot because the state court adjudication did not result in a decision that was contrary to or involved an unreasonable application of federal law.

7

related to Ayestas's background and mental health and requesting investigative services to conduct a thorough background investigation. This District Court, applying the same black letter exhaustion law the Director relied on to assert procedural default in this case, determined the expanded *Strickland* claim had not been presented to the state court, that it was procedurally defaulted, and that he was therefore not entitled to investigative services. *See* Memorandum Opinion and Order at 12, *Ayestas v. Davis*, No.  4:09-cv-02999 (S.D. Tex. Jan. 26, 2011).

Before the Supreme Court, the Director's brief on the merits in *Ayestas* made this observation, relying on the Fifth Circuit's *Ward* decision. Brief of Respondent at 38, *Ayestas v. Davis*, No. 16,6795 (Aug. 1, 2017) ("In fact, petitioner did raise a *Wiggins* trial-IAC claim on state habeas, arguing a failure to investigate possible mitigation evidence from his Honduran family. If the relevant inquiry is whether the state-habeas court adjudicated any type of *Wiggins* trial-IAC claim . . . then federal-habeas evidence regarding trial counsel's performance would be limited to the state-court record not only under 28 U.S.C. § 2254(e)(2) but also under *Pinholster's* explication of 28 U.S.C. § 2254(d)(1)."). Notwithstanding that *Ayestas* had expanded his *Strickland* allegations in federal court from those presented in state court, resulting in a new, procedurally defaulted claim, the Supreme Court did not hold that this could be a reason to withhold representation services from him.

Moreover, it would be improper, and contrary to *Ayestas*, for a court to withhold representation services on the ground that providing them could enhance the prospects of relief for the client. Notwithstanding that the Director has already taken the position that the *Strickland* claim for which services are sought is procedurally defaulted, the Director's argument seems to be that, if the requested representation services were provided, it could lead to Mr. Robertson's discovery of information that would place his claim in a stronger posture. Director's Supp. Brief at 13-14.

While § 3599 obviously does not limit representation to habeas applicants with winning claims, the *Ayestas* court itself recognized that the reasonable necessity of services to the representation turns at least to some extent on the services' ability to enhance the prospect of relief for the client, including as to procedural matters. 138 S.Ct. at 1094 (services should be granted specifically when they stand a "credible chance" of "enabl[ing]" a habeas applicant to overcome procedural obstacles). To rely on an increasing prospect of relief—framed as "circumventing" a procedural rule—as a reason to *deny* representation services would turn *Ayestas* on its head.[6]

In sum, the Director's position is not supportable in fact or law. Under *Ayestas*, as it applies *Martinez/Trevino*, Mr. Robertson is entitled to investigative services to develop additional information that will allow him to fully plead factual allegations in support of his claim and, where relevant, to overcome any procedural obstacle.

---

[6]    It is not at all clear to Mr. Robertson that a procedurally defaulted claim is in a stronger procedural posture than a claim subject to the preclusion bar of § 2254(d). Both are procedural bars. Mr. Robertson's—and his counsel's—clear duty notwithstanding any procedural rules is to "conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." *McCleskey v. Zant*, 499 US 467, 498 (1991). If conducting that investigation leads to discovery of additional information that places his claim in an evidentially or procedurally stronger position, this strongly weighs in favor of granting the services under *Ayestas*. Mr. Robertson has not sought services for the purpose of improving the procedural posture of his claim (although as *Ayestas* reflects this is what any reasonable attorney would do for a client). Both the Director and this District Court have already concluded that it is procedurally defaulted, and Mr. Robertson has not disputed that. He seeks investigative services for the purposes of discovering and pleading all relevant factual allegations that would support the plausible *Strickland* claim he identified and would support his ability to establish cause and prejudice for the default.

**III.    28 U.S.C. § 2254(E)(2) DOES NOT PROHIBIT MR. ROBERTSON FROM DISCOVERING AND ALLEGING FACTS IN A HABEAS APPLICATION**

The Director argues that providing the representation sought "would be pointless since it would not allow Robertson to circumvent th[e] procedural hurdle" contained in 28 U.S.C. § 2254(e)(2). Director's Supp. Brief at 22. That provision provides, "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless" certain circumstances are present. *Id*. An "evidentiary hearing," in the habeas context, does not require live testimony by witnesses, as the statutes afford the court flexibility in the form of evidence it hears. 28 U.S.C. § 2246, entitled "Evidence; Depositions; Affidavits," provides, "On application for a writ of habeas corpus, evidence may be taken orally or by deposition, or, in the discretion of the judge, by affidavit." 28 U.S.C. § 2247 provides, "On application for a writ of habeas corpus documentary evidence, transcripts of proceedings upon arraignment, plea and sentence and a transcript of the oral testimony introduced on any previous similar application by or in behalf of the same petitioner, shall be admissible in evidence." See also *Holland v. Jackson*, 542 U.S. 649, 653 (2004) (interpreting "evidentiary hearing" to include receipt of evidence via expansion of the record). Thus, an "evidentiary hearing" is any mechanism by which a court formally receives "evidence," be it testimonial or documentary, to decide disputed factual matters, provided that the requisites of fundamental due process—notice and a meaningful opportunity to be heard—are afforded to the parties and that a mechanism for moving for and objecting to the admittance of evidence exists.

Mr. Robertson has sought investigative representation services so that his § 3599 counsel may learn facts with respect to a plausible claim that his custody is in violation of federal law. *See* 28 U.S.C. § 2241 (writ of habeas corpus extends to claims that a person "is in custody in violation

of the Constitution or laws or treaties of the United States"). Should facts be learned relevant to the claim, Mr. Robertson would seek to allege them in an amended habeas application in support of the claim.

Section 2254(e)(2) governs evidentiary hearings. It does not operate to preclude a habeas applicant from discovering and alleging facts in a habeas corpus application. If the allegations raised in an application are undisputed, Mr. Robertson may obtain relief without any need for an evidentiary hearing. Moreover, should cause for procedural default of the claim exist, § 2254(e)(2) would not prohibit this District Court from hearing evidence to decide any disputed facts necessary to adjudicate the claim's merit. Finally, any interpretation of § 2254(e)(2) that operated to preclude this District Court from hearing, or to preclude Mr. Robertson from presenting, any evidence to prove disputed factual allegations made in support of his claim is unconstitutional.

A.      Mr. Robertson Seeks Representation to Discover and Plead Facts

First, Mr. Robertson has sought investigative services not to present evidence to this District Court—this case has never moved past the pleading stage and the District Court has never ordered a hearing to adjudicate facts—but to learn facts that he may plead in a habeas corpus application. A habeas corpus application is a pleading that alleges facts and claims of unlawful custody; it is not a vehicle for presenting evidence. Section 2254(e)(2) prohibits a federal court from "hold[ing] an evidentiary hearing." Mr. Robertson's investigation request is not made for the purpose of presenting evidence for this District Court to consider. It is made to permit his counsel to learn facts that he may allege in support of a habeas corpus claim presented in an application.

The distinction is important. A federal court (in any context) need hold an evidentiary hearing only if necessary to adjudicate disputed factual allegations. *Tijerina v. Estelle*, 692 F.2d 3,

11

5 (5th Cir. 1982) (evidentiary hearing is unnecessary when the habeas corpus applicant raises only questions of law or questions concerning the legal implications to be drawn from undisputed facts). *See also Janecka v. Cockrell*, 301 F.3d 316, 322 (5th Cir. 2002) (evidentiary hearing on habeas corpus application not required where facts are not disputed); *Matta-Ballesteros v. Henman*, 896 F.2d 255, 259 (7th Cir. 1990) (same); *Ladd v. State of S. C.*, 415 F.2d 870, 872 (4th Cir. 1969) (same); *Dorsey v. Gill*, 148 F.2d 857, 866 (D.C. Cir. 1945) (same). If Mr. Robertson's factual allegations are not materially disputed by the Respondent, then there is no need for this District Court to hold a hearing. Mr. Robertson may in that event be granted relief based on his undisputed allegations alone, *i.e.*, without an evidentiary hearing.

To be entitled to such relief, however, Mr. Robertson must plead sufficient undisputed facts to warrant the relief. *See Barrientes v. Johnson*, 221 F.3d 741, 770 (5th Cir. 2000) (district court abused its discretion in granting relief without evidentiary hearing because it "lacked sufficient **un**disputed facts" to make legal ruling). The factual allegations Mr. Robertson makes in his application are therefore critical to his prospects for success, notwithstanding § 2254(e)(2)'s application, for summary judgment purposes. Investigative services are therefore reasonably necessary to his representation notwithstanding § 2254(e)(2)'s bar on evidence.

**B.      Section 2254(e)(2) Would Not Operate to Bar an Evidentiary Hearing on Claims in Which Cause for Procedural Default Exists**

Second, § 2254(e)(2) does not operate to preclude a federal court from holding an evidentiary hearing—i.e., adjudicating facts—on claims for which cause for procedural default exists. Fifth Circuit case law already establishes that where cause for procedural default exists, a habeas applicant has not "failed" to develop the factual basis of the claim in state court within the

meaning of § 2254(e)(2). Moreover, § 2254(e)(2) may not be applied consistent with due process and separation of powers to bar an Article III court from receiving, or a litigant from presenting, any evidence to resolve disputed facts in support of a claim whose merit is being adjudicated by the court.

1. **Fifth Circuit Precedent Forecloses the Director's Interpretation, the Acceptance of Which Would Force a New Circuit Split**

In *Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000), the appellate court held that a state prisoner who "establishes cause for overcoming his procedural default" may introduce new evidence to support his claim for relief because the applicant "did not 'fail to develop' the record" under § 2254(e)(2). *Id*. at 771. Under *Barrientes*, if a "district court determines that [the habeas applicant] has established cause and prejudice for his procedural default, it should proceed to conduct an evidentiary hearing on any claim for which cause and prejudice exists [and] then revisit the merits of any such claim anew." *Id*.; *see also Canales v. Stephens*, 765 F.3d 551, 571 n.2 (5th Cir. 2014) ("Texas argues that if we decide to remand any claims to the district court, we should deny Canales the opportunity to have an evidentiary hearing. We decline to take this step . . . .").[7]

No federal court of appeals has adopted the Director's view that § 2254(e)(2) applies to claims for which *Martinez* cause exists. The only circuit to have expressly entertained the proposition rejected it. *See Dickens v. Ryan,* 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc) ("We

---

[7] Federal district courts in Texas regularly authorize hearings on the merits of *Martinez*-postured claims. *See, e.g., Carpenter v. Davis*, No. 3:02-CV-1145-B-BK, 2017 WL 2021415, at *3 (N.D. Tex. May 12, 2017) ("In other words, this hearing should be considered the parties' one and only opportunity to prove or disprove both the exceptions to procedural bar and the merits of each of these claims."); *Balentine v. Stephens*, No. 2:03-CV-00039, 2016 WL 1322435, at *4 (N.D. Tex. Apr. 1, 2016) (same); *Murphy v. Stephens*, No. 3:09-CV-1368-L-BN, 2014 WL 4771859, at *2 (N.D. Tex. Sept. 25, 2014) (rejecting Director's argument and ordering a hearing because "to construe the *Martinez* exception as limited to a review of an undeveloped record that is insufficient to properly consider these claims would defeat these stated purposes").

also reject the state's argument that, even if *Martinez* applies to the standard for Dickens to show cause, § 2254(e)(2) will bar Dickens from introducing the new evidence to the district court."). Other courts of appeals have expressly affirmed the more general principle animating *Barrientes*—that a habeas applicant who does not inexcusably default a claim has not "failed to develop" that claim within the meaning of § 2254(e)(2). *See, e.g.*, *Wilson v. Beard*, 426 F.3d 653, 665-66 (3d Cir. 2005) (holding that, because procedural default and § 2254(e)(2) are "analytically linked," an inmate who does not procedurally default a claim is not barred by § 2254(e)(2) from introducing new evidence). Thus Fifth Circuit Court precedent forecloses the Director's interpretation,

2.      **The Legislative History of § 2254(e)(2) and the Supreme Court's Interpretation of It Excludes the Director's No-Fault Reading of the Provision**

*Barrientes* reflected the decades-old rule that habeas applicants "fail to develop" facts within the meaning of § 2254(e)(2) only when they are at fault for the failure. The history of § 2254(e)(2) demonstrates that, when enacting the provision, Congress intended attribution of fault in the evidentiary hearing context to work as it had before the Antiterrorism and Effective Death Penalty Act ("AEDPA"): to mirror how it worked in the procedural default context. Both *Martinez* and *Trevino*, in turn, recognize that a habeas applicant who has never had adequate state representation is not "at fault" for any failure to develop the factual basis of his claim within the meaning of § 2254(e)(2).

Prior to AEDPA's passage, an evidentiary hearing was required if a habeas applicant satisfied the cause-and-prejudice rule announced by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). *Tamayo-Reyes* held that an applicant who showed cause for excusing procedural default had not

"failed to adequately develop" the factual basis of the defaulted claim. *Id*. at 5, 8. The absence of fault both excused procedural default and compelled the federal court to hear evidence on the claim where necessary to adjudicate it. *Id*. at 9. AEDPA incorporated the "failed to develop" language from *Tamayo-Reyes* into § 2254(e)(2).

In *Williams v. Taylor*, 529 U.S. 420 (2000), the leading post-AEDPA case interpreting § 2254(e)(2), the Supreme Court rejected a "no-fault" view of § 2254(e)(2), under which a habeas applicant "failed to develop" a claim any time the claim went undeveloped in state court. *Id*. at 431, 444. The *Williams* Court concluded, "[T]here is no basis in the text of § 2254(e)(2) to believe Congress used 'fail' in a different sense than the Court did in [*Tamayo-Reyes*]." *Id*. at 433. *Williams* therefore reaffirmed the longstanding alignment between the standards for excusing procedural default and the availability of an evidentiary hearing: each turns on the absence of fault attributable to the habeas applicant.

The salient question in both the procedural-default and evidentiary-hearing contexts, then, is when fault is attributable to the habeas applicant. When *Williams* was decided, federal courts applied the rule of fault announced in *Coleman v. Thompson*, 501 U.S. 722 (1991), under which habeas claimants were always vicariously faulted, via agency principles, for any deficiency of state post-conviction counsel. *See id*. at 754. Thus, the *Williams* Court could write without caveat that a prisoner is "at fault" within the meaning of § 2254(e)(2) where there was a "lack of diligence, or some greater fault, attributable to the prisoner *or the prisoner's counsel*," *Williams*, 529 U.S. at 432 (emphasis supplied), thereby generating the decisional language upon which the Director now relies to argue that § 2254(e)(2) precludes the federal court from hearing evidence.

But the Director ignores the critical factor here, *i.e.*, that *Martinez* revised that vicarious-fault rule "by recognizing a narrow exception [to *Coleman*]: Inadequate assistance of counsel at initial-

15

review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9. Thus, *Martinez* abrogated *Coleman's* vicarious-fault rule when the petitioner demonstrates that state post-conviction counsel ineffectively litigated, or failed to litigate, a substantial *Strickland* claim. *Id.*

The Supreme Court expressly confirmed this understanding of *Martinez* as creating an exception to the fault attribution rule of *Coleman* in *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017). The *Davila* Court explained the general rule that attorney error "amounting to constitutionally ineffective assistance is 'imputed to the State' and is therefore external to the prisoner," but that attorney error "that does not violate the Constitution . . . is attributed to the prisoner 'under well-settled principles of agency law.'" *Id*. (citing *Coleman*, 501 U.S. at 754). Because there is no constitutional right to counsel in post-conviction proceedings, errors by post-conviction counsel in the litigation of a habeas corpus case are as a rule attributable to the habeas applicant. *Id*. The *Martinez* decision, however, "announced a narrow, 'equitable ... qualification' of the [fault attribution] rule in *Coleman* that applies where state law requires prisoners to raise claims of ineffective assistance of trial counsel 'in an initial-review collateral proceeding,' rather than on direct appeal." *Davila*, 137 S. Ct. at 2065. *See also* Order Cancelling Referral and Setting Hearing, *Garcia v. Stephens*, Case No. 2:06-cv-2185, USDC Dkt. #66 at 4-5 ("Since the agency rule was repudiated in *Martinez* and *Trevino* with regard to claims that come within the newly created exception to procedural bar, it seems unlikely that the Supreme Court would apply it to construe § 2254(e)(2) to prevent an inmate from proving a claim that falls within that exception. Giving effect to this new exception requires that the Court allow an inmate an opportunity to prove that his claim falls within the exception and, if so, that his claim has merit."). Because a habeas applicant for whom *Martinez* cause exists is not at fault for the procedural default, he has also not "failed to

16

develop" his claim for purposes of § 2254(e)(2).

**3.      Section 2254(e)(2) Is Unconstitutional if It Operates to Prohibit a Court From Receiving, or a Party From Presenting, Any Evidence in Support of a Claim For Which a Remedy Exists**

For prisoners challenging confinement pursuant to state court judgments, 28 U.S.C. § 2254(e)(2) purports to bar a federal court from "holding an evidentiary hearing" on the claim "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings," unless certain exceptions are present.[8] The provision operates at the level of the "claim" to bar receipt, and therefore presentation and consideration, of any evidence related to the claim if the condition precedent—failure to develop it in state court—is satisfied. The provision therefore operates both as a rule of procedure—regulating a court's power to hold an evidentiary hearing—as well as a rule of evidence—precluding admissibility of any evidence via its prohibition on evidentiary hearings. This provision, however, is unconstitutional and may not be applied. A Congressional directive precluding an Article III court from hearing, or a litigant from presenting, any evidence to support a claim for which relief is not otherwise foreclosed violates due process as well as separation of powers.

**a.      Section 2254(e)(2) Violates Due Process if It Precludes Hearing Evidence to Adjudicate Disputed Facts Material to a Habeas Corpus Claim For Which Relief Is Available**

As a rule of evidence, if § 2254(e)(2) is applied to preclude a party from presenting evidence

---

[8] The only exceptions are for claims based on a new rule of constitutional law that is retroactive and was previously unavailable and where the applicant can show, *inter alia*, that he is innocent by clear and convincing evidence. 28 U.S.C. § 2254(e)(2)(A)-(B).

to prove disputed facts relevant to a claim (1) whose merits a federal court is adjudicating and (2) for which relief is not otherwise foreclosed, then it violates the due process clause of the Fifth Amendment. Congress undoubtedly "has power to prescribe what evidence is to be received in the courts of the United States." *Tot v. United States*, 319 U.S. 463, 467 (1943). The due process clause, however, sets limits on Congress's exercise of that power. *Id.*

The limits of Congress's power to prescribe, or, here, to proscribe, presentation of evidence is often tested with regards to evidentiary presumptions, *i.e.*, when it makes proof of one fact or group of facts evidence of the existence of some ultimate fact. *Id.* In that context, due process is violated where "there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience." *Id.* at 467-68. More apt to § 2254(e)(2), due process is violated where Congress, via a legislative provision prescribing a rule of evidence, "shut[s] out from the party affected a reasonable opportunity to submit to the [fact-finder] . . . all of the facts bearing upon the issue" being adjudicated. *Mobile, J. & KCR Co. v. Turnipseed*, 219 U.S. 35, 43 (1910). *See also Heiner v. Donnan*, 285 U.S. 312, 329 (1932) (a legislative body is without power to enact as a rule of evidence a statute denying a litigant the right to prove the facts of his case); *Bailey v. Alabama*, 219 U.S. 219, 238 (1911) (due process violated where rule deprives party of a proper opportunity to submit all the facts bearing upon the issue).

Historically, Congress has created rebuttable presumptions in federal habeas corpus. In 1966, Congress amended § 2254 to include for the first time an evidentiary presumption governing how a federal district court deciding a habeas application must decide facts. Specifically, the amendment directed federal courts to presume correct "a [written] determination after a hearing on the merits of a factual issue" made by a state court unless one of eight circumstances was present. Those

18

circumstances were: (1) that the merits of the factual dispute were not resolved in the state court hearing; (2) that the factfinding procedure employed by the state court was not adequate to afford a full and fair hearing; (3) that the material facts were not adequately developed at the state court hearing; (4) that the state court lacked jurisdiction of the subject matter or over the person of the applicant in the state court proceeding; (5) that the applicant was an indigent and the state court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the state court proceeding; (6) that the applicant did not receive a full, fair, and adequate hearing in the state court proceeding; or (7) that the applicant was otherwise denied due process of law in the state court proceeding; and (8) the federal court on a consideration of the state court record concludes that such factual determination is not fairly supported by the record. If none of these circumstances was present, the habeas applicant had the burden to prove by convincing evidence that the state court's factual determination was "erroneous."[9]

The presumption expressed in the 1966 amendment derived from the requirement of state

---

[9] The 1966 amendment creating the rebuttable presumption tracked the Supreme Court's 1963 decision in *Townsend v. Sain*, 372 U.S. 293 (1963), in which the Court explained when a federal court was required to hold an evidentiary hearing to adjudicate disputed facts material to a claim's merit. The Court held that "where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive evidence and try the facts anew," notwithstanding any prior state court adjudication. *Id*. at 312. The Court additionally held that evidentiary hearings to receive evidence in order to decide disputed facts were required in certain circumstances, again notwithstanding the prior state court adjudication (if any). Thus, "[w]here the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." *Id*. Put differently, "a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts." *Id*. at 312-13. Although framed in terms of evidentiary hearings, *Townsend* expresses but fundamental principles of due process. If a habeas applicant has presented a claim to a federal court for which a remedy is available and for which disputed material facts have not been reliably determined in a prior adjudication by any court, due process requires the federal court to hear evidence to reliably adjudicate those facts. Distilled to its essence, *Townsend* holds that federal courts may not adjudicate material factual disputes without evidence.

court exhaustion in federal habeas corpus cases and the historical inapplicability of preclusion to federal habeas corpus proceedings. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 485 & n.27 (1982) (citing 28 U.S.C. § 2254 as exception to the "traditional rules of preclusion"). In federal court, a claim presented for adjudication will usually have been subjected to a prior adjudication of the federal question by a state court. It is reasonable to utilize a presumption with respect to facts on which a judicial body has reliably passed in a prior adjudication.

When Congress amended § 2254 again in the AEDPA, it retained a rebuttable presumption of correctness for state court factual determinations, although it eliminated all the exceptions to its applicability that ensured reliability.[10] 28 U.S.C. § 2254(e)(1). It also added a new provision prohibiting federal courts from "holding" an "evidentiary hearing" in certain circumstances. *Id*. § 2254(e)(2). Although § 2254(e)(2) is a rule prescribing evidence, it does not create an evidentiary presumption, because it does not make proof of one fact establish the existence of a second fact. No fact is presumed from any other. Instead, where the legal condition precedent—failure to develop the factual basis of a claim in state court—exists, the provision simply bars the applicant from presenting any evidence to prove any disputed fact related to the lawfulness of his custody, notwithstanding that a remedy is available for it. And although the bar against evidence only applies when a condition precedent is present, this cannot save the rule, because the condition precedent does not affect the availability of substantive relief. Such a rule violates due process, because it deprives the habeas applicant *for whom a remedy is available* of any opportunity to be heard on

---

[10] Mr. Robertson does not challenge the rebuttable presumption contained in § 2254(e)(1), but he does assert that the due process clause limits how it may be applied in this and any case. Where an applicant contests a factual finding made by a state court, the presumption may not be applied without affording the applicant an opportunity to rebut it with evidence. Otherwise, the rebuttable presumption is converted into an unrebuttable presumption.

disputed facts material to the ultimate legal issue—the lawfulness of the individual's custody—that the court is adjudicating.[11]

Mr. Robertson does not contend that Congress could not make a failure to develop the factual basis of a claim in state court a limitation on the availability of a *remedy* in federal court notwithstanding a claim's merit. Congress has created and may create such limitations as to remedies. *See* 28 U.S.C. § 2254(b) (limiting availability of remedy to exhausted claims, with some exceptions); *id*. § 2254(d) (limiting availability of a remedy to claims that were not adjudicated on the merits by the state court, with some exceptions). But § 2254(e)(2) as enacted by Congress does not limit the availability of a *remedy*. It implements a rule governing procedure and the admissibility of evidence for adjudicating a claim in a federal habeas corpus proceeding. As such, it must be judged based on the limits imposed by the due process clause to evidentiary rules enacted by Congress. By that measure, it must be judged unconstitutional when applied to claims for which a remedy exists and whose merits are being adjudicated.

b.     **Section 2254(e)(2) Violates Separation of Powers if It Precludes a Federal Court From Hearing Evidence to Adjudicate Disputed Facts Material to a Habeas Corpus Claim For Which Availability of a Remedy Is Not Precluded**

Additionally, if § 2254(e)(2) extends to claims for which relief is available—*i.e.*, claims that are not barred by the exhaustion doctrine, prior-adjudication preclusion, or procedural default—then it violates separation of powers, both because it intrudes too far into the province of the judiciary

---

[11] To whatever extent the provision may be considered an evidentiary presumption that presumes the ultimate fact of lawful custody, it violates due process because it is unreasonable under the *Tot* test. There is no rational connection between the fact proved—failure to develop the factual basis of a claim in a state court—and the ultimate fact presumed: that the individual is not in custody in violation of federal law.

and also because it requires federal courts to act arbitrarily by deciding factual disputes without admitting or considering evidence. Article III, § 1 of the U.S. Constitution provides that "[t]he judicial power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Article I grants "[a]ll Legislative Powers" to Congress and Article II places the "[t]he Executive Power" in the President. This "very structure of the articles […] exemplifies the concept of separation of powers." *Miller v. French*, 530 U.S. 327, 341 (2000) (internal citations omitted).

One of the "central prerogatives" of Article III courts is the exercise of their judicial power; however, Article III, Section 1 does not define "judicial power." The courts have accordingly identified "[c]ertain implied [judicial] powers [that] must necessarily result to our Courts of justice, from the nature of their institution." *United States v. Hudson*, 11 U.S. 32, 34 (1812). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs..." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (citing to *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)). While "the separate powers were not intended to operate with absolute independence," *U.S. v. Nixon*, 418 U.S. 683, 707 (1974), the Separation of Powers is violated where the Judiciary is thwarted from "accomplishing its constitutionally assigned functions." *Nixon v. Administrator of General Services*, 433 U.S. 425, 444 (1977).

Article III of the Constitution establishes an independent Judiciary with the "province and duty ... to say what the law is" in particular cases and controversies. *Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1322, 194 L. Ed. 2d 463 (2016) (quoting *Marbury v. Madison*, 1 Cranch 137, 177 (1803). This grant of power from the Constitution prohibits Congress from "requir[ing] federal courts to exercise the judicial power in a manner that Article III forbids." *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218 (1995). Although Congress "has the undoubted authority to regulate the

practice and procedure of federal courts," *Sibbash v. Wilson & Co.*, 312 U.S. 1, 9 (1941), Congress "may not exercise [its authority] in a way that requires a federal court to act unconstitutionally." *Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1324 n.19 (2016) (brackets in original) (quoting Meltzer, *Congress, Courts, and Constitutional Remedies*, 86 Geo. L.J. 2537, 2549 (1998)).

Section 2254(e)(2) purports to establish a rule governing when a federal district court may not "hold an evidentiary hearing" in a habeas corpus case. The rule sounds as one in procedure because it regulates a judicial mechanism—evidentiary hearings—used for adjudicating cases. Applied to claims for which a relief is available—for example, where cause and prejudice have excused a procedural default—the rule goes too far. Prohibiting a federal court from receiving evidence to adjudicate a legal issue in which it acts as the fact-finder requires the court to act unconstitutionally. Specifically, when confronted with the bar as to a claim whose merit it must adjudicate and for which disputed factual issues exist, it requires that the federal court arbitrarily decide those factual disputes that are material to the adjudication.

"It is the typical, not the rare, case in which constitutional claims turn upon the resolution of contested factual issues." *Townsend v. Sain*, 372 U.S. 293, 312 (1963). While that statement remains true today, developments in habeas corpus since *Townsend* have rendered federal plenary adjudication of the merits of habeas corpus claims less frequent. The post-*Townsend* introduction of preclusion into federal habeas corpus proceedings, *see* 28 U.S.C. § 2254(d), renders review of the merits of many exhausted habeas claims moot. Additionally, for those claims that survive preclusion, the post-*Townsend* rebuttable presumption of correctness for state court factual determinations may reduce the number of claims that turn upon contested factual issues. Nevertheless, while these developments may substantially reduce the number of claims in federal court that will turn on contested factual issues, it will not reduce them to zero.

23

A Sixth Amendment *Strickland* claim that was never presented to or adjudicated by the state court, and for which *Martinez* cause exists, is an example of a claim that will not incur preclusion under § 2254(d). Such a claim also will not likely be controlled by state court factual determinations. Confronted with such a claim, a federal court would be required to adjudicate the claim's merit, and to adjudicate any disputed factual issues necessary to do so, in the first instance. The Director argues that, for a case such as this, Congress has through § 2254(e)(2) barred federal courts from receiving evidence to decide those factual issues. This presents a problem for a federal court, which, under the Constitution and statutes passed by Congress, must decide the merits of the claim because a remedy is available, but cannot receive or consider evidence to decide disputed fact issues. A court in this predicament, if it follows § 2254(e)(2), must act arbitrarily by deciding these disputed factual issues without evidence. Congress may not force an Article III court to so act. *Bank Markazi v. Peterson*, 136 S. Ct. at 1324 n.19.

Because it would be unconstitutional to apply § 2254(e)(2) to bar Mr. Robertson from presenting any evidence in support of his *Strickland* claim should this District Court determine that factual disputes exist, the provision cannot be considered a procedural obstacle that justifies limiting his representation.

IV.    **THE *STRICKLAND* FAILURE-TO-REASONABLY INVESTIGATE CLAIM IS NOT MERITLESS. THE DISTRICT COURT'S PRIOR RULINGS DO NOT FORECLOSE GRANTING THE REQUESTED REPRESENTATION**

In her Supp. Brief, pp. 15-20, the Director mistakenly contends that "the investigation was not reasonably necessary, even under *Ayestas*," Director's Supp. Brief at 20, and draws her arguments from the several prior rulings of the District Court adjudicating the claim on the merits (*e.g.*, Robertson "wholly fails to demonstrate deficiency," and "does not even allege any prejudice." Supp. Brief at 17; "Robertson's claim asserts nothing more than a mere 'disagreement with his prior expert's opinions;'" "failed to show that 'his prior experts did not have sufficient information, .... or that if they had, that any of the information his experts would have received would have changed any of their opinions.'" Supp. Brief at 18. She concludes that Robertson's claim was not a substantial one. *Id.* at 19.

To avoid needless duplication, Mr. Robertson refers this District Court to his Supplemental Brief, pp. 19-22; Section II. B. 2-. This District Court's Prior Rulings Do Not Foreclose Granting the Requested Representation. His Supplemental Brief addresses the various issues that the Director asserted, using the District Court's prior rulings to conclude the claim is meritless.

25

## V.   *MCFARLAND, LONCHAR*, AND *BAREFOOT* DO NOT ALLOW A PERSON TO BE EXECUTED BEFORE HE IS AFFORDED THE ONE, MEANINGFUL AND FAIR REPRESENTATION TO WHICH HE IS ENTITLED UNDER 18 U.S.C. § 3599

The State argues that the four factors in *Nken v. Holder*, 556 U.S. 418, 434 (2009), should determine whether Mr. Robertson's prematurely scheduled execution should be stayed. Director's Supp. Brief at 22. Although those factors weigh decisively in favor of Mr. Robertson, it is nevertheless the case that the *Nken* factors do <u>not</u> override the law of stays in habeas corpus cases. Articulated in *McFarlen*, *Barefoot*, and *Lonchar*, this law holds that a federal court may not allow a person to be executed before he is afforded the one, full and fair representation to which he is entitled under 18 U.S.C. § 3599; before meaningful district court adjudication of his habeas corpus application; or before meaningful appellate review of the denial of any substantial claims or issues for which the person has an appeal. *See McFarland v. Scott*, 512 U.S. 849, 858 (1994) (execution impermissible until meaningful representation afforded); *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (execution impermissible until district court adjudication of the application occurs); *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983) (execution impermissible until appellate court review of district court adjudication occurs).

The Supreme Court has squarely rejected that a habeas applicant must demonstrate a probability of success to obtain a stay of execution from an appellate court to review the district court's judgment denying an initial habeas corpus application. *Barefoot* 463 U.S. at 889 (questioning whether appellate court's requirement of showing of probability of success for stay of execution conflicted with rule, but concluding that the appellate court nevertheless fully adjudicated the merits of the appeal consistent with due process regardless). In *Lonchar*, the Court held that the claims only had to be non-frivolous, *i.e.*, "substantial enough to prevent dismissal under Rule 4" of the Habeas Rules. 51 U.S. at 320. The Fifth Circuit's reversal and remand establishes as law of the case that Mr.

26

Robertson's *Strickland* claim is substantial, and certainly not frivolous. The Fifth Circuit would not have reversed and remanded the case back to this District Court for further proceedings on a frivolous or insubstantial claim.[12]

The Director's argument that Mr. Robertson's claims have already been adjudicated by this District Court is frivolous. Director's Supp. Brief at 23. The argument simply ignores that this District Court was reversed by the Fifth Circuit and the case remanded to it for further proceedings. The comparison between a case that has been reversed and remanded by an appellate court for further proceedings and one in which "additional, relevant evidence was uncovered" post-judgment has no basis in law. *Id*. An appellate court's reversal and remand back to a district court for further proceedings does not "skirt the bar on second-or-successive habeas petitions." *Id*. The Director is merely asking this District Court to ignore the Fifth Circuit's mandate.

The Director further frivolously argues that Mr. Robertson "has even had the opportunity to—and did—receive appellate review of his substantive claims." Director's Supp. Brief at 23. A COA was denied as to Mr. Robertson's false testimony claim by the appellate court. Although the Director argues that Mr. Robertson "chose not to seek appellate review of this Court's denial" of his *Strickland* claim, that is false. Mr. Robertson did seek review of this District Court's denial of his *Strickland* claim, and he argued it was erroneously denied because he was deprived of representation that was reasonably necessary to plead it. He won the appeal, and the Fifth Circuit reversed and remanded for further proceedings as to the representation matters that short-circuited the claim's

---

[12] *Mamou v. Davis*, 742 F. App'x 820 (5th Cir. 2018) (unpublished), an unpublished decision relied on by the Director, demonstrates that the Fifth Circuit knows how to dispose of an appeal of a pre-*Ayestas* denial of representation services due to the insubstantiality of an underlying procedurally defaulted *Strickland* claim. *Id*. at 825 (affirming district court's denial of investigative services because allegations did not contain "sufficient detail" about what the basis of his underlying ineffective assistance of counsel claim would be).

development and presentation in this District Court. No appellate review of the substance of the *Strickland* claim occurred, because such review was premature in light of the need to resolve the representation matters that impeded its progress in this District Court.

## CONCLUSION

For the foregoing reasons, this District Court should grant Mr. Robertson's representation request and stay his execution.

/s/ Lydia M.V. Brandt

_____
Lydia M.V. Brandt, Esq.
Texas Bar No.  00795262
lydiabrandt566@gmail.com
The Brandt Law Firm
P.O. Box 326
Farmersville, TX 75442-0326
Voice: (972) 752-5805
Counsel for Petitioner

## CERTIFICATE OF SERVICE

This certifies that on January 24, 2019, I electronically filed the foregoing document with the clerk of court for the US District Court Northern District Texas using the electronic case filing system of the court.  The electronic case filing system sent a notice of electronic filing to the following attorney of record, who has consented in writing to accept this notice as service of this document by electronic means:

Gwendolyn S. Vindell, Assistant Attorney General
Attorney General's Office
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548

28

/s/ Lydia M.V. Brandt

_____
Lydia M.V. Brandt, Esq.
Texas Bar No.  00795262
The Brandt Law Firm
P.O. Box 326
Farmersville, TX 75442-0326
lydiabrandt566@gmail.com
Voice: (972) 752-5805
Counsel for Petitioner

cc:     Mark Robertson, 000-992
        Polunsky Unit
        Texas Department of Criminal Justice
        3872 FM 350 South
        Livingston, TX 77351-8580